# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SPYROS ANDREOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-314 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The United States of America seeks dismissal of the Complaint, asserting that this Court lacks subject matter jurisdiction because the United States is immune from suit. Doc. 7. Proceeding *pro se*, plaintiff Spyros Andreou opposes. Doc. 8.

### A.  BACKGROUND

On July 13, 2016, Androu mailed a package through the United States Postal Service (USPS) to his brother in the Republic of Cyprus. Doc. 1-1 at ¶ 5. It was twice returned to him; once in July due to a "paperwork error" and a second time in August marked "No deliveries to Turkish Occupied Sections of Nicosia. Prohibited." [1] *Id.* at ¶¶ 6-8.

---

[1]  Nicosia is the largest city on the island of Cyprus.

When he went to the USPS office at 2 N. Fahm Street, plaintiff was variously informed that no deliveries were being made to the Republic of Cyprus (which was apparently occupied by Turkish military forces deployed because of the coup d'état progressing on mainland Turkey) and that the USPS "system" does not recognize "Nicosia" as a destination. *Id.* at ¶¶ 9. After a heated exchange with USPS staff, plaintiff was asked to leave the building and the police were called to ensure his compliance. *Id.* at ¶¶ 10-11. Plaintiff's wife was given a refund of the $148.05 paid for shipment, and he then successfully shipped his package through private carrier, the United Parcel Service (UPS), for $296.61. *Id.* at ¶¶ 10-12. A UPS agent informed Andreou that there were no interruptions in delivery service to Nicosia, Cyprus. *Id.* at ¶ 12.

Plaintiff contends defendant is not entitled to "Sovereign Immunity" because the USPS "committed severe violations of the Federal law," and he seeks $50,000 plus costs of suit and an award of punitive damages for that violation. *Id.* at ¶ 16, A-D (seeking damages for discrimination, humiliation, threat of arrest by calling police, defamation of character, being banned from visiting the post office, false

2

information, paying UPS $296.61 versus $148.05 with USPS, and "not performing their work properly.").

## B. DISCUSSION

"This court, like all federal courts, is a court of limited subject matter jurisdiction. U.S. CONST. art. 3, section 2. It is axiomatic that if the Court lacks subject matter jurisdiction over a case, the Court must dismiss it." *Robinson v. United States*, 849 F. Supp. 799, 800 (S.D. Ga. 1994). Where a defendant challenges the Court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court must read the Complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Douglas v. United States*, 814 F.3d 1268, 1275-76 (11th Cir. 2016); *see also United States v. Gaubert*, 499 U.S. 315, 327 (1991).

Though the Court draws all factual inferences in plaintiff's favor, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *Robinson*, 849 F. Supp. at 801. This Court lacks subject matter jurisdiction over any action against the United States for which it has not waived sovereign

immunity. *See JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263 (11th Cir. 2000). Thus, if the Government invokes its sovereign immunity, based on an exception to the Federal Tort Claims Act's (FTCA) general waiver of that immunity, plaintiff must prove that the exception invoked by the Government does not apply. *See id.* Stated otherwise, it is plaintiff's burden to allege facts falling outside the FTCA exceptions. Finally, while courts are obligated to liberally construe *pro se* complaints, they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

1. **Postal-Matter Exception**

Defendant contends this Court lacks jurisdiction to hear Andreou's claims because the FTCA does not waive sovereign immunity for "claims arising from the loss, miscarriage, or negligent transmission of postal matter." Doc. 7 at 4; *see Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (barring an applicable waiver, sovereign immunity protects the United States from any claim). Plaintiff responds that "the written arguments are rubbish" and "are all

4

desperate motions" because "due to multiple violations of Federal Law by the employees of the USPS, the Doctrine of Sovereign Immunity fails." Doc. 8 at 1-2.

The FTCA "makes the United States liable for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government.'" *Logue v. United States*, 412 U.S. 521, 525-26 (1973). However, there are many statutory exceptions to this waiver of immunity, "which must be strictly construed in favor of the United States." *JBP Acquisitions*, 224 F.3d at 1263 (internal quotes and cites omitted). "If the alleged conduct falls within one of these statutory exceptions, the court lacks subject matter jurisdiction over the action" under the FTCA. *Id.* at 1263-64 (cites omitted). In other words, "when an exception applies to neutralize what would otherwise be a waiver of immunity, a court will lack subject matter jurisdiction over the action." *Zelaya*, 781 F.3d at 1322 (cites omitted).

Among the FTCA's exceptions is one for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2860(b). This postal-matter exception preserves immunity for "injuries arising, directly or consequentially, because mail

5

either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 489 (2006) ("Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (*e.g.*, medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (*e.g.*, shattering of shipped china). Such harms, after all, are the sort primarily identified with the Postal Service's function of transporting mail").

Here, plaintiff's entire Complaint revolves around the USPS's failure to deliver a package to his brother in the Republic of Cyprus -- the very essence of the postal-matter exception. Thus, there is no waiver of sovereign immunity under the FTCA. *Guest v. United States*, 615 F. App'x 656, 657 (11th Cir. 2015). Because the United States has not waived its sovereign immunity, the Court lacks subject matter jurisdiction over Andreou's postal-matter claim. Accordingly, this claim should be **DISMISSED** with prejudice from the Complaint. *Dolan*, 546 U.S. at 489.

2. State Law Claims

Defendant does not address plaintiff's myriad state law claims for discrimination, humiliation, intimidation, threat of arrest, defamation of character, "being banned from visiting his local post office," and "false information" or his request for punitive damages, which do not fall under the penumbra of the postal-matter exception. *See Dolan*, 546 U.S. at 485 (while the USPS cannot be held liable for claims related to the transmission of mail, it may be liable where a postal worker commits torts under local law).

Andreou's claims for "intimidation," "threat of arrest," "defamation of character," and "false information" nevertheless are dead on arrival. 28 U.S.C. § 2680(h) (the Government is not liable for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; . . ."); *Smith v. Sec., U.S. Dep't of Commerce*, 495 F. App'x 10, 12 (11th Cir. 2012) ("The FTCA specifically states that it does not waive the United States' sovereign immunity for claims arising out of libel and slander."). Likewise, his request for punitive damages is foreclosed by the FTCA.

28 U.S.C. § 2674; *Dolan*, 546 U.S. at 485.

Sovereign immunity also bars his claim for discrimination against the USPS. *See Ajamu v. Willis*, 573 F. App'x 828 (11th Cir. 2014) (affirming dismissal of claim that USPS withheld a mailing address because of plaintiff's "race, color, nationality, and faith"). His claims for any emotional distress arising from the "defamation of his character" and "humiliation" he felt at being threatened with arrest and banned from his local post office are also barred. *See Cadman v. United States*, 541 F. App'x 911, 913-14 (11th Cir. 2013) ("the exceptions in the FTCA are not limited to the torts specifically named, but instead encompass situations were 'the underlying governmental conduct which constitutes an excepted cause of action is "essential" to plaintiff's claim.'") (quoting *Metz v. United States*, 788 F.2d 1528, 1532 (11th Cir. 1986)); *see also O'Ferrell v. United States*, 253 F.3d 1257, 1265-66 (11th Cir. 2001) (applying *Metz* and holding that false light/invasion of privacy claims based on defamatory statements were barred by § 2680(h)). Thus, plaintiff's state law claims are all barred by the FTCA and should be **DISMISSED**.

## C. CONCLUSION

Even taking the allegations of the Complaint as true, dismissal is recommended because this Court lacks jurisdiction over plaintiff's tort claims against the United States. 28 U.S.C. §§ 2860(b), (h); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Though the Court would normally give plaintiff an opportunity to amend his complaint to correct any deficiencies[2], absent the United States' explicit waiver of its sovereign immunity from suit, no possible amendment could invoke this Court's jurisdiction over Andreou's claims. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

---

[2] *See, e.g., Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, and no undue prejudice could be shown); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (*pro se* litigants must generally be given an opportunity to amend their complaints).

[3] Because the Court does not have subject matter jurisdiction, it will not reach the parties' argument as to whether Andreou exhausted his administrative remedies under the FTCA.

9

§ 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __6th__ day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA